

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 10, 1949.

Hon. Raymond E. Magee     Opinion No. V-826.
County Attorney
Galveston County        Re: The applicability of stat-
Galveston, Texas             utes prescribing bonds for
                                    sale of real estate to es-
                                    tates of decedents and
                                    guardians when the fiduci-
                                    ary is a corporation qual-
                                    ified to act without bond
                                    under Article 4982 of
                                    Chapter 16.

Dear Mr. Magee:

       Your request for an opinion reads, in part,
as follows:

       "The County Judge has addressed a commu-
nication to me asking for an opinion constru-
ing several probate statutes.

       "The question in my mind involves the
applicability of the statutes prescribing
bonds for sale of real estate to estates of
decedents and guardians where the fiduciary
is a corporation qualified to act without
bond under Article 4982-86. . . .

       "He has applications pending by a bank
which is qualified to act as guardian by com-
pliance with requirement as to deposit of se-
curities with the State Treasurer in which
they seek authority to sell as <u>Administrator</u>
without bond.

       "He has the same question in an estate
of a ward whose guardian is a Trust Company
qualified in compliance with the requirement
as to deposit of securities.

       "The questions which he wants clarified
are:

"1.  May the administrator be authorized
to sell without complying with quoted Article
3576?

"2.  May the guardian be authorized to
sell without complying with quoted Article
4201?"

Articles 4982 and 4983, V.C.S., provide:

"Art. 4982 . . .

"Any person or association of persons,
any State banking corporation or any other
domestic corporation, or any corporation or-
ganized under the laws of any other State,
provided such foreign corporation complies
with the laws of this State relating to in-
surance other than life, may exercise the fol-
lowing powers by complying with the provisions
of this subdivision:

"1.  Qualify as guardian, curator, execu-
tor, administrator, assignee, receiver, trus-
tee by appointment of any court or under will,
or depositary of money in court, without giv-
ing bond as such.

"2.  Become sole guarantor or surety in
or upon any bond required to be given under
the laws of this State, any other statute to
the contrary notwithstanding." (Emphasis add-
ed throughout.)

"Art. 4983 . . .

"Those included in the provisions of this
subdivision shall:

"1.  Deposit with the State Treasurer
fifty thousand dollars consisting of cash,
treasury notes of the United States, or gov-
ernment, State, county, municipal or other
bonds, notes, or debentures, secured by first
mortgages or deeds of trust, or mortgages or
deeds of trust on unencumbered real estate in
Texas worth at least double the amount loaned
thereon, or such other first class securities

as the Commissioner may approve.  Said bonds
or securities shall not be received or held
at a rate above par, but if their market val-
ue is less than par they shall not be held
above their actual market value.  The State
Treasurer shall require any such depositor to
replace any securities so deposited on which
the interest shall not be paid within six
months after maturity, by other securities
equal in amount to those removed, upon which
the interest has not been defaulted.  The
funds so deposited shall be primarily liable
for the obligations of the depositor in any
capacity herein authorized, and shall not be
liable for any other debt or obligation of
the depositor until all such trust liabilities
have been discharged.

"2.  Satisfy the Commissioner of its sol-
vency.  The Commissioner shall issue any such
depositor, when satisfied it is solvent and
has made the required deposit, a certificate
showing such facts.

"3.  Maintain a premium reserve of the
amount required to reinsure all outstanding
risks, to be determined by taking fifty per
cent of the premiums of all unexpired risks
that have less than one year to run, and a
pro rata of all gross premiums on risks that
have more than one year to run.

"4.  File with the Commissioner, within
sixty days after the first day of each Janua-
ry, a report sworn to by its president and
secretary or by two of its principal officers,
as to the surety and bond business done by the
same during the preceding year.

"5.  Pay taxes on its surety and bond
business as required of other surety compa-
nies."

It was held in Attorney General's Opinion No.
2541 under date of January 11, 1924, (Opinions of Attor-
ney General, 1922-1924, page 306) construing Articles
540 to 545, Revised Civil Statutes of 1911 (now Articles

4982 and 4983) that since the laws of the State of Texas authorize and permit State banks and State bank and trust companies to act as guardian, administrator, etc., without bond, National bank associations doing business in Texas may be authorized and empowered by the Federal Reserve Board to perform such powers and functions in Texas. Following this opinion, it was held in Attorney General's Opinion No. 0-5929 that where a State or a National bank complies with the deposit requirements of Articles 4982 and 4983, it has met the full requirements of law and may function in such fiduciary capacity without a bond. It was further held in this opinion that Article 4201 required the execution of a "sales" bond regardless of whether or not the bank actually executed a "general" bond and regardless of the fact whether the bank had made the required deposit under the terms of Article 4983. Subsequent to the above mentioned Attorney General's Opinions, Articles 3576, 4201, and 4216, V.C.S., have been amended so as to provide the following:

"Art. 3576 . . .

"Whenever any property of an estate is ordered to be sold by the county judge, such order shall be entered upon the minutes of the court, shall describe the property to be sold, the time and place of sale, and the terms of said sale, and shall require the executor or administrator to file a good and sufficient bond, subject to the approval of the court, and if the sureties on said bond are natural persons, same shall be in an amount equal to twice the amount for which such real estate is sold, but if the surety on said bond is either a domestic or foreign corporation permitted to do business in this State for the purpose of issuing surety, guaranty, or indemnity bonds guaranteeing the fidelity of executors, administrators and guardians, same shall be equal to the amount for which such real estate is sold, plus any additional sum the court shall find necessary and fix for the protection of said estate; provided that where the sale of such real estate is made to the owner or holder of a secured claim against the estate the sale of the real estate securing such claim, and is in full

payment, liquidation and satisfaction there-
of, no bond shall be required except for the
amount of cash, if any, actually received by
such executor or administrator in excess of
the amount necessary to pay, liquidate and
satisfy such claim in full."

"Art. 4201 . . .

"An order for the sale of real estate
shall state: (1) The property to be sold, giv-
ing such description of it as will identify
it. (2) Whether it is to be sold at public
auction or at private sale, and if at public
auction, the time and place of such sale. (3)
The necessity and purpose of such sale. (4)
That no sale made by the guardian pursuant
thereto shall be confirmed nor shall the tit-
le of the ward to such real estate pass to
the purchaser unless and until it shall first
be found and determined by the court, by an
order duly made and entered to that effect,
that the guardian's general bond, if the sure-
ties thereon are natural persons, is in an
amount equal to double the value of the per-
sonal property then on hand, including the
amount for which said real estate may be sold,
plus such additional sum as may, in the opin-
ion of the court, be necessary to protect the
estate of the ward, and that the sureties on
such bond are solvent; but if the surety or
sureties on said bond are either a domestic or
foreign corporation or corporations permitted
to do business in the State for the purpose of
issuing surety, guaranty, or indemnity bonds,
guaranteeing the fidelity of guardians, the
bond shall be in an amount equal to the value
of the personal property on hand, including
the amount for which said real estate may be
sold, plus such additional sum as may, in the
opinion of the court, be necessary to protect
the estate of the ward; provided in the event
the guardian's general bond is not sufficient
to protect the estate of the ward as above
required, an additional bond shall be filed
in accordance with the above requirements.
However, where the sale of such real estate
is made to the owner or holder of a secured

claim against the estate and the same is of
the real estate securing such claim and is in
full payment, liquidation, and satisfaction
thereof, only the amount of cash, if any, ac-
tually received by such guardian in excess of
the amount necessary to pay, liquidate and sat-
isfy such claim in full, shall be considered
together with other property of the estate in
passing upon the sufficiency of the bond as
hereinabove required.  (5)  It shall require
the sale to be made and the report to be re-
turned to the court in accordance with the
law."

"Art. 4216 . . .

"At any time after the expiration of five
days after the filing of a report of sale, the
Court shall inquire into the manner in which
such sale was made, and hear evidence in sup-
port of or against such report, and if satis-
fied that such sale was fairly made and in
conformity with the law and that the guardian
has on file a good and sufficient general bond
in an amount, if the sureties thereon are nat-
ural persons, equal to double the value of the
personal property then on hand, including the
amount for which said real estate is being
sold, plus such additional sum as may, in the
opinion of the court, be necessary to protect
the estate of the ward; but if the surety or
sureties on said bond are either a domestic or
foreign corporation or corporations permitted
to do business in the State for the purpose of
issuing surety, guaranty or indemnity bonds
guaranteeing the fidelity of guardians the
bond shall be in an amount equal to the value
of the personal property on hand including the
amount for which said real estate may be sold
plus such additional sum as in the opinion of
the court may be necessary to protect the es-
tate of the ward; and if and when the guardi-
an's general bond has been examined by the
court and found to be in the amount above re-
quired with good and sufficient sureties there-
on, or if the guardian's general bond is found
to be insufficient, then an additional bond
shall be filed in accordance with the above

requirements; as evidenced by an order duly
made and entered by the court to that effect,
the court shall cause to be entered a decree
confirming such sale, and order the report of
sale to be recorded by the clerk, and the
proper conveyance of the property sold to be
made by the guardian to the purchaser, upon
compliance by such purchaser with the terms
of sale. The provisions of this Article shall
be mandatory, and unless the court shall first
determine that the guardian's bond is adequate
and solvent as above set forth, as evidenced
by an order made and entered by the court to
that effect, any sale of real estate hereafter
made under the provisions of this Title shall
be void." (Emphasis added.)

It will be noted that Articles 4201 and 4216
now state that if the "general bond" of the guardian is
sufficient, as evidenced by an order duly entered by
the court to that effect, real estate may be sold with-
out the necessity of a "sales" bond in addition to the
"general" bond. There is no comparable provision with
reference to administrators.

Therefore, it is our opinion that where a bank
has qualified to act as guardian or administrator by
compliance with the requirements of Articles 4982 and
4983, by making the required deposit of securities with
the State Treasury, such bank may act as guardian or ad-
ministrator without giving a "general" bond as required
by Articles 4141 and 3386, V.C.S. It is our further
opinion that such bank cannot sell property as adminis-
trator without filing a special "sales" bond as required
by Article 3576. However, such bank may sell real es-
tate under the provisions of Articles 4201-4216 as
guardian without filing an additional "sales" bond if
the court is of the opinion that the deposit of securi-
ties with the State Treasury is of sufficient value to
protect the estate of the ward.

## SUMMARY

A bank which has qualified to act as
guardian or administrator by compliance with
the requirements of Articles 4982 and 4983,
by making the required deposit of securities
with the State Treasury cannot sell property

as administrator without filing a special "sales" bond as required by Article 3576. However, such bank may sell real estate under the provisions of Articles 4201-4216, as guardian, without filing an additional "sales" bond, if the court is of the opinion that the deposit of securities with the State Treasury is of sufficient value to protect the estate of the ward.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:bh

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL